**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**

In Re: Debtor(s)
**Marcus Anton Green**
5415 Wicklander Drive
Powder Springs, GA 30127

**xxx–xx–2278**

**Veronica Lynn Green**
5415 Wicklander Drive
Powder Springs, GA 30127

**xxx–xx–4434**

Case No.: **05–60823–crm**
Chapter: **13**
Judge: **C. Ray Mullins**

### ORDER DISCHARGING DEBTOR(S) AFTER COMPLETION OF CHAPTER 13 PLAN

The court finds that the debtor(s) filed a petition under title 11, United States Code, on January 14, 2005, that the plan of the debtor(s) has been confirmed, and that the debtor(s) has fulfilled all requirements under the plan.

**IT IS ORDERED THAT:**

1.   Pursuant to 11 U.S.C. Section 1328(a), the debtor(s) is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

a.   provided for under 11 U.S.C. Section 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due;

b.   in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor(s) in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. Section 523(a)(5);

c.   for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);

d.   for a death or personal injury caused by the unlawful operation of a motor vehicle by the debtor(s) while intoxicated from using alcohol, drug, or other substance, as specified in 11 U.S.C. Section 523(a)(9), in a bankruptcy case filed on or after November 15, 1990;

e.   for restitution included in a sentence on the conviction of a crime by the debtor(s) in a case filed on or after November 15, 1990.

f.   for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. Section 1328(d), the debtor(s) is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the trustee of the incurring such debt by the debtor(s) was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, the debtor(s) is not discharged from any debt made non−dischargeable by 18 U.S.C. Section 3613(f), by certain provisions of titles 10, 37, 38, 42 and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

**IT IS FURTHER ORDERED THAT:**

Any employer of the debtor(s) against which a Chapter 13 Employer Deduction Order is in effect shall cease immediately withholding from the wages, salary, commissions, or other earnings or income of the debtor any monies on account of the Chapter 13 case.

The attorney for the debtor(s) shall serve a copy of this Order upon any employer of the debtor who is subject to an Employer Deduction Order.

*C. Ray Mullins*

---

C. Ray Mullins
United States Bankruptcy Judge


Dated:   December 21, 2009

Form 213